**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Tel: (858) 720-8080
Fax: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne (Appointed *Pro Hac Vice*)
33 Habitat Lane
Cortlandt Manor, NY  10567
Telephone:  (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone:  (858) 509-0808
Facsimile:  (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRUBHUB, INC., <br><br> Defendant. | Case No. 12-cv-00739-DMS-WVG <br><br> **PLAINTIFF AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.** <br><br> **DEMAND FOR JURY TRIAL** |

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

Plaintiff Ameranth, Inc. ("Ameranth") responds to the Counterclaims of Defendant GrubHub, Inc. ("GrubHub" or "Defendant") as follows:

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted.

177. Admitted.

178. Admitted.

179. Admitted.

180. Admitted.

181. Ameranth admits that it has filed various patent infringement lawsuits against infringing parties, which suits are of public record. Except as admitted, denied.

182. The Menusoft proceedings are a matter of public record, and the Menusoft invalidity judgment has been vacated and is no further force or effect. Except as admitted, denied.

183. Ameranth incorporates its prior responses herein.

184. Denied.

185. The claims of the '077 patent speak for themselves, and no further response is required. Ameranth admits that the paragraph correctly quotes the preamble to the claims; except as admitted, denied.

186. Denied.

187. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

188. Denied.

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

1  189.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 9 contains the quoted language for that claim and claims 10-12 dependent thereon; except as admitted, denied.

190.  Denied.

191.  The claims of the '077 patent speak for themselves.  Ameranth admits that elements of claims 1 and 9 contain the quoted language for that claim and the claims dependent thereon; except as admitted, denied.

192.  Denied.

193.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

194.  Denied.

195.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 9 contains the quoted language for that claim and claims 10-12 dependent thereon; except as admitted, denied.

196.  Denied.

197.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

198.  Denied.

199.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

200.  Denied.

201.  The claims of the '077 patent speak for themselves.  Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

2

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

1    202. Denied.

2    203. The claims of the '077 patent speak for themselves. Ameranth admits that the preamble to the claims contains the quoted language; except as admitted, denied.

204. Denied.

205. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon; except as admitted, denied.

206. Denied.

207. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon; except as admitted, denied.

208. Denied.

209. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon; except as admitted, denied.

210. Denied.

211. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon; except as admitted, denied.

212. Denied.

213. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon' except as admitted, denied.

214. Denied.

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

215. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 13 contains the quoted language for that claim and claim 14-18 dependent thereon; except as admitted, denied.

216. Denied.

217. Denied.

218. Denied.

219. Ameranth incorporates its prior responses herein.

220. Denied.

221. Ameranth admits that Exhibit A appears to be a copy of Camaisa. Ameranth denies all other allegations contained in this paragraph.

222. Ameranth admits that Exhibit b appears to be a copy of Rose. Ameranth denies all other allegations contained in this paragraph.

223. Ameranth denies that it has filed or threatened to file an action for infringement of the '077 patent against either Allmenus.com or Campusfood.com.

224. Ameranth lacks sufficient information or belief to meaningfully respond to this allegation, and on that basis denies it.

225. Ameranth lacks sufficient information or belief to meaningfully respond to this allegation, and on that basis denies it.

226. Denied.

227. Denied.

228. Ameranth incorporates its prior responses herein.

229. Denied.

230. Ameranth admits that Exhibit D refers to the Transpad; except as admitted, denied.

231. Denied.

232. Denied.

233. Ameranth incorporates its prior responses herein.

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.
12-CV-00739-DMS-WVG**

234. Denied.

235. The claims of the '077 patent speak for themselves. Ameranth admits that the term "real-time" appears in the specification as alleged in the paragraph; except as admitted, denied.

236. Denied.

237. The claims of the '077 patent speak for themselves. Ameranth admits that the preamble to the claims contains the quoted language; except as admitted, denied.

238. Denied.

239. Denied.

240. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 1 contains the quoted language for that claim and claims 2-8 dependent thereon; except as admitted, denied.

241. Denied.

242. Denied.

243. The claims of the '077 patent speak for themselves. Ameranth admits that element e of claim 9 contains the quoted language for that claim and claims 10-12 dependent thereon; except as admitted, denied.

244. Denied.

245. Denied.

246. The claims of the '077 patent speak for themselves. Ameranth admits that the preamble to the claims contains the quoted language; except as admitted, denied.

247. Denied.

248. Denied.

1   249.  The claims of the '077 patent speak for themselves.  Ameranth
2 admits that element e of claim 13 contains the quoted language for that claim and
3 claim 14-18 dependent thereon; except as admitted, denied.
4   250.  Denied.
5   251.  Denied.
6   252.  The claims of the '077 patent speak for themselves.  Ameranth
7 admits that the quote language is contained in the preamble; except as admitted,
8 denied.
9   253.  Denied.
10   254.  Ameranth incorporates its prior responses herein.
11   255.  Denied.
12   256.  Ameranth admits that Keith McNally, on behalf of Ameranth,
13 executed the power of attorney appointing Michael Fabiano as prosecution
14 counsel for the '077 patent application.  Except as admitted, denied.
15   257.  The USPTO file speaks for itself.  Ameranth admits that Keith
16 McNally was involved in the prosecution of the '077 patent.  Except as admitted,
17 denied.
18   258.  Admitted.
19   259.  Ameranth incorporates its response to paragraph 256, above.
20 Ameranth further admits that Michael Fabiano is one of Ameranth's counsel of
21 record in this litigation.  Except as admitted, denied.
22   260.  Ameranth admits that the notice of allowance and the '077 patent
23 issued as reflected in the USPTO files, and that Ameranth paid the issue fee as
24 reflected therein.  Ameranth further admits that Examiner Brophy primarily
25 handled the examination.  Except as admitted, denied.
26   261.  The USPTO file speaks for itself.  Except as admitted, denied.
27   262.  Admitted.

6

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO
COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.
12-CV-00739-DMS-WVG**

263. The USPTO file speaks for itself. Ameranth admits that Exhibit E appears to be a copy of the Office Action, and that Exhibit J appears to be a copy of Sirola. Except as admitted, denied.

264. The USPTO file speaks for itself. Except as admitted, denied.

265. Ameranth admits that Keith McNally became aware of the USPTO office action. Except as admitted, denied.

266. Ameranth admits that Michael Fabiano was appointed as Ameranth's prosecution counsel for the '633 Application. The USPTO file speaks for itself. Ameranth admits that Exhibit F appears to be a copy of the July 2, 2010 response. Except as admitted, denied.

267. The USPTO file speaks for itself. Ameranth admits that Exhibit G appears to be a copy of the office action. Except as admitted, denied.

268. The USPTO file speaks for itself. Except as admitted, denied.

269. The USPTO file speaks for itself. Ameranth admits that Michael Fabiano participated in a telephonic interview with Examiner Wu as reflected therein. Except as admitted, denied.

270. The USPTO file speaks for itself. Except as admitted, denied.

271. The USPTO file speaks for itself. Ameranth admits that Exhibit K appears to be a copy of Hall, and that Exhibit H appears to be a copy of the February 15, 2011 office action. Except as admitted, denied.

272. The USPTO file speaks for itself. Ameranth admits that Exhibit I appears to be a copy of the June 6, 2011 answer. Except as admitted, denied.

273. The Hall patent speaks for itself. Except as admitted, denied.

274. The Notice of Allowance speaks for itself. Except as admitted, denied.

275. Denied.

276. Denied.

277. The USPTO file speaks for itself. Except as admitted, denied.

278. The claims of the patents speak for themselves. Except as admitted, denied.

279. The claims of the patents speak for themselves. Except as admitted, denied.

280. The claims of the patents speak for themselves. Except as admitted, denied.

281. The claims of the patents speak for themselves. Except as admitted, denied.

282. The claims of the patents speak for themselves. Except as admitted, denied.

283. The claims of the patents speak for themselves. Except as admitted, denied.

284. The claims of the patents speak for themselves. Except as admitted, denied.

285. The claims of the patents speak for themselves. Except as admitted, denied.

286. The claims of the patents speak for themselves. Except as admitted, denied.

287. The claims of the patents speak for themselves. Except as admitted, denied.

288. The claims of the patents speak for themselves. Except as admitted, denied.

289. The claims of the patents speak for themselves. Except as admitted, denied.

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

290. Ameranth admits that Keith McNally became aware of Rose and Sirola during the prosecution of the '633 application prior to July 2, 2010. Except as admitted, denied.

291. Ameranth admits that Michael Fabiano became aware of Rose and Sirola during the prosecution of the '633 application prior to July 2, 2010. Except as admitted, denied.

292. The calendar dates and the USPTO files speak for themselves. Except as admitted, denied.

293. Ameranth admits that Michael Fabiano became aware of Hall prior to March 30, 2011. Ameranth does not understand which "Final Office Action" Defendant is referring to, and on that basis denies all such allegations on the grounds of insufficient information and belief. Except as admitted, denied.

294. Ameranth admits that Keith McNally became aware of Hall prior to March 30, 2011. Ameranth does not understand which "Final Office Action" Defendant is referring to, and on that basis denies all such allegations on the grounds of insufficient information and belief. Except as admitted, denied.

295. Admitted.

296. Ameranth admits that Keith McNally became aware of the Answer by August 4, 2011. Except as admitted, denied.

297. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the preamble; except as admitted, denied.

298. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents; except as admitted, denied.

9

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

299. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents; except as admitted, denied.

300. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents. Except as admitted, denied.

301. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents. Except as admitted, denied.

302. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents. Except as admitted, denied.

303. The claims of the patents and the patent application speak for themselves. Ameranth admits that the quoted language is contained in the documents. Except as admitted, denied.

304. The claims of the patents speak for themselves. Except as admitted, denied.

305. Denied. Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

306. Denied.

307. Denied.

308. Denied.

309. Denied.

310. Denied.

311. The USPTO file speaks for itself. Except as admitted, denied.

10

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

312. The USPTO file speaks for itself.  Except as admitted, denied.

313. The USPTO file speaks for itself.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others, and on such basis denies any contrary allegations.

314. Denied.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

315. Denied.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

316. Denied.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

317. Denied.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

318. Denied.  Furthermore, Ameranth in fact disclosed the defendants' alleged "prior art" references to the USPTO in an IDS, and the Examiner for the '077 patent checked off the submission and issued the '077 patent over those references and many others.

11

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**

## DEMAND FOR JURY TRIAL

Ameranth requests a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ameranth prays for relief as follows:

1. That GrubHub take nothing by way of its claims;

2. For a judgment declaring that this is an exceptional case, and awarding Ameranth its reasonable attorneys' fees against GrubHub;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 25, 2013        CALDARELLI HEJMANOWSKI & PAGE LLP

By: */s/ William J. Caldarelli*
William J. Caldarelli
Ben West

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff AMERANTH, INC.**

12

**AMERANTH, INC.'S FIRST AMENDED ANSWER TO COUNTERCLAIMS OF DEFENDANT GRUBHUB, INC.**
**12-CV-00739-DMS-WVG**